STATE of Missouri, Respondent,

v.

Zelodis BELL, Appellant.

No. 49191.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 23, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 5, 1985.

William J. Shaw, Clayton, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

The state's essential evidence on these charges of attempted robbery and carrying a concealed weapon: Defendant displayed a pistol while his companion was urging a jewelry clerk to show her a diamond necklace displayed in a locked case.

The trial court found defendant guilty and sentenced him as a prior felon to twenty years in prison for the attempted rob-bery and a consecutive five years in prison for carrying a concealed weapon. Defendant here challenges the evidentiary sufficiency.

The robbery attempt was at a shopping center jewelry store. The store clerk testified: Defendant and a female companion entered the shop and the woman first asked to see a bracelet displayed in a locked cabinet. As the woman then sought to be shown a diamond necklace the clerk saw defendant display a pearl handled pistol. The clerk then activated a hidden warning signal which audibly broadcast a theft warning throughout the shopping center. Defendant quickly left the jewelry shop and went outside.

A police officer accosted defendant as he left the store and tossed the loaded pistol into a flower pot. The officer then arrested defendant. At trial both the officer and the victim identified defendant.

We deny defendant's challenge to sufficiency of the evidence. For a full discussion of criminal attempts see *State v. Stewart*, 537 S.W.2d 579 (Mo.App.1976). We there summarized criminal attempts ruling:

"The four requisite elements of an attempt to commit a crime are an intent to commit it, an overt act toward its commission, failure of consummation and the apparent possibility of commission."

The state's evidence here met those required elements.

We consider the facts and reasonable inferences therefrom in a light favorable to the state. *State v. Brown*, 660 S.W.2d 694 [9, 10] (Mo. banc 1983). So considered, the trial court could properly find from the evidence that defendant was in the process of attempting to rob the jewelry store and was thwarted only by the clerk activating the robbery warning.

Affirmed.

DOWD, P.J., and CRANDALL, J., concur.